**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| KELLY BRENTON FARLEY, | :: | MOTION TO VACATE |
| Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:07-CR-0196-WBH-RGV-1 |
| UNITED STATES OF AMERICA, | :: | |
| Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:11-CV-3560-WBH-RGV |

## ORDER AND FINAL REPORT AND RECOMMENDATION

This matter has been submitted to the undersigned Magistrate Judge for consideration of movant Kelly Brenton Farley's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, [Doc. 148], the government's response thereto, [Doc. 154], and Farley's reply, [Doc. 158]. For the following reasons, the undersigned **RECOMMENDS** that Farley's § 2255 motion be denied.

Farley also seeks appointment of counsel to represent him in this matter. [Doc. 158 at 24]. Farley's request is **DENIED** because he has not shown that either due process or the interests of justice requires the appointment of counsel in this case. See 18 U.S.C. § 3006A(a)(2)(B); Hooks v. Wainwright, 775 F.2d 1433, 1438 (11th Cir. 1985).

# I. PROCEDURAL HISTORY

A federal grand jury returned an indictment charging Farley in Count One with knowingly crossing a state line with intent to engage in a sexual act with a person under the age of twelve, in violation of 18 U.S.C. § 2241(c), and in Count Two with using a computer to knowingly attempt to persuade, induce, entice and coerce a person under the age of eighteen to engage in sexual activity for which Farley could be charged with child molestation under Georgia law, in violation of 18 U.S.C. § 2422(b). [Doc. 8]. The charges followed Farley's online communications over a period of seven months with an undercover law enforcement officer posing as the mother of a minor daughter. United States v. Farley, 607 F.3d 1294 (11th Cir.), cert. denied, 131 S. Ct. 369 (2010).[1] Farley pleaded not guilty and proceeded to a bench trial represented by Vionnette Johnson and Jeffrey Ertel of the Federal Defender Program, Inc. [Docs. 2, 15, 53, 80-82]. The Court found Farley guilty on both counts, [Doc. 82], and after ruling that § 2241(c)'s 30-year mandatory minimum sentence was unconstitutional as applied to Farley, [Doc. 106], imposed a total sentence of 235 months of imprisonment, [Doc. 110].

---

[1] Farley's communications and subsequent conduct are described in detail in the Eleventh Circuit's opinion.

AO 72A
(Rev.8/82)

The government appealed the sentence, [Doc. 112], and Farley cross appealed his conviction and sentence, [Doc. 115]. Farley argued that:

> (1) the enticement statute was unconstitutionally overbroad under the First Amendment as applied to his sexual conversations with the adult . . .; (2) the lack of an actual child made it legally impossible for him to commit the charged offenses; (3) Farley's statements and the evidence from his computer and briefcase should have been suppressed, because his waiver of rights and consent to search was obtained by deceit, and because the warrantless search of his briefcase was improper; (4) the evidence of Farley's intent was insufficient to support a conviction on either count; and (5) the obstruction enhancement was improper because there was insufficient evidence for the court to find that Farley had given perjured testimony.

Farley, 607 F.3d at 1324. On June 2, 2010, the Eleventh Circuit affirmed Farley's convictions on both counts and his sentence on Count Two, reversed the district court's order declaring unconstitutional the application of § 2241(c)'s 30-year mandatory minimum sentence, vacated Farley's sentence as to Count One, and remanded with instructions to impose a sentence no less than required by § 2241(c). Id. at 1345-46. The United States Supreme Court denied certiorari on October 4, 2010. Farley v. United States, 131 S. Ct. 369 (2010). On November 9, 2010, the Court re-sentenced Farley to 360 months of imprisonment on Count One and 235 months of imprisonment on Count Two, to be served concurrently. [Doc. 147].

3

On September 22, 2011, Farley executed this pro se § 2255 motion, arguing that: (1) his conviction was based on "illegal" conversations between himself and an undercover officer; (2) § 2241(c) violates the Tenth Amendment; (3) his counsel was ineffective for failing to (a) argue a particular case regarding the exclusion of the use of pornographic images for the purpose of establishing intent to travel, (b) argue that a third element is required to prove a violation of § 2241(c), (c) call Candice Osborne to testify regarding her pretrial psycho sexual evaluation of Farley, (d) explore plea offers, negotiate a plea, and advise Farley to enter a plea, (e) present the affirmative defense of entrapment, (f) call an expert rebuttal witness to dispute claims made by the government's computer expert, and (g) investigate potential witnesses; and (4) § 2241(c) is unconstitutionally overbroad and void for vagueness. [Doc. 148 at 4-18]. The government responds that grounds one, two, and four are procedurally defaulted because they were not raised on direct appeal, that ground one also fails on the merits, and that Farley's ineffective assistance of counsel claims raised in ground three lack merit. [Doc. 154 at 17-41]. Farley replies that the default of grounds two and four should be excused because his counsel was ineffective for failing to raise them on appeal, that he could not have raised ground one on direct appeal because it

4

is based on evidence discovered after his appellate brief was filed, and that he is entitled to relief on grounds one and three. [Doc. 158 at 2-23].

## II. DISCUSSION

**A.** **Legal Standards**

A federal prisoner may file a motion to vacate his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "[T]o obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982) (footnote omitted). An evidentiary hearing is not warranted if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Based on the record before the Court, the undersigned finds that an evidentiary hearing is not required in this case. See Diaz v. United States, 930 F.2d 832, 834 (11th Cir. 1991) (noting that, although prisoner seeking collateral relief is entitled to evidentiary hearing if relief is warranted by facts he alleges, which court must accept as true, hearing is not required if record conclusively demonstrates that no relief is warranted).

5

"Under the procedural default rule, 'a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding.'" McKay v. United States, 657 F.3d 1190, 1196 (11th Cir. 2011) (citation omitted). "[A] § 2255 movant can avoid application of the procedural default bar by 'show[ing] cause for not raising the claim of error on direct appeal and actual prejudice from the alleged error'" or by showing "that he is actually innocent either of the crime of conviction or, in the capital sentencing context, of the sentence itself." Id. (second alteration in original) (footnote and citations omitted). "A claim of ineffective assistance of counsel may satisfy the cause exception to a procedural bar, but only if the claim has merit." Nguyen v. United States, 420 F. App'x 875, 877 (11th Cir. 2011) (per curiam) (unpublished) (citing United States v. Nyhuis, 211 F.3d 1340, 1344 (11th Cir. 2000)).

The standard for evaluating ineffective assistance of counsel claims is set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984). See also Eagle v. Linahan, 279 F.3d 926, 938 (11th Cir. 2001) (Strickland applies to allegations of ineffective assistance of appellate counsel). The analysis is two-pronged. However, a court need not address both prongs "if the defendant makes an insufficient showing on one." Strickland, 466 U.S. at 697.

6

A defendant asserting a claim of ineffective assistance of counsel must first show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. A court analyzing Strickland's first prong must be "highly deferential" and must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; Atkins v. Singletary, 965 F.2d 952, 958 (11th Cir. 1992) (citation omitted) ("We also should always presume strongly that counsel's performance was reasonable and adequate. . . ."). Counsel is not incompetent so long as the particular approach taken could be considered sound strategy. Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc); see also Waters v. Thomas, 46 F.3d 1506, 1512 (11th Cir. 1995) (en banc) ("[A] petitioner seeking to rebut the strong presumption of effectiveness bears a difficult burden.")

In order to meet the second prong of Strickland, a petitioner must demonstrate that counsel's unreasonable acts or omissions prejudiced him. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Strickland, 466 U.S. at 691. In order to demonstrate prejudice, a movant "must show that there is a

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Eagle, 279 F.3d at 943 (citation omitted) ("To determine whether the [unreasonable] failure to raise a claim on appeal resulted in prejudice, we review the merits of the omitted claim.").

**B.** **Ground One: Legality of Undercover Officer's Conversations with Farley**

In ground one, Farley contends that his conviction was based on "illegal" conversations between himself and the undercover officer. [Doc. 148 at 4, 7-8]. Specifically, Farley argues that the emails, online chats, and recorded telephone conversations that occurred between May 7 and 14, 2007, were "obtained illegally" and should not have been used against him at trial. [Id. at 7-8]. Farley relies on the February 1, 2010, trial testimony of a Federal Bureau of Investigation ("FBI") agent in United States v. Schuttpelz, No. 2:07-CR-20410 (E.D. Mich. June 28, 2010), who testified that the nationwide "Innocent Images" undercover operation was put on hold between May 7 and 14, 2007, because FBI Headquarters had not re-authorized undercover operations. [Id.; see also Doc. 154-1 at 4-7]. The FBI agent testified that

8

she and "every undercover officer across the country" were not "permitted to do any undercover work at all during this time." [Id.].

The government responds that this ground is procedurally defaulted due to Farley's failure to raise it on direct appeal and, alternatively, that it lacks merit because the undercover agent's failure to cease contact with Farley during the relevant time period did not violate Farley's rights or any federal law. [Doc. 154 at 17-21]. Farley replies that he could not have raised this ground on direct appeal because the FBI agent's testimony occurred after Farley filed his appellate brief. [Doc. 158 at 5]. Farley maintains that he has shown prejudice because he told the undercover agent on May 9, 2007, that he was traveling to Atlanta on a business trip and that, had the agent followed the FBI's directive not to continue undercover operations during that week, the agent would not have known of Farley's travel plans, and Farley would not have been arrested. [Id. at 6]. Farley then argues that the agent's failure to follow the FBI's directive violated his due process rights. [Id. at 7-8].

A movant's procedural default may be excused for cause based on newly discovered evidence if movant did not possess, or could not reasonably have obtained, the evidence at the time of his direct appeal - unless other known or discoverable evidence could have supported the claim before the new evidence was discovered. See

9

<u>McCleskey v. Zant</u>, 499 U.S. 467, 497 (1991); <u>Lynn v. United States</u>, 365 F.3d 1225, 1235 (11th Cir. 2004) (per curiam). "Further, to show cause for procedural default, [movant] must show that some objective factor external to the defense prevented [movant] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [movant's] own conduct." <u>Lynn</u>, 365 F.3d at 1235 (footnote and citations omitted). If movant establishes cause, he must also show that "actual prejudice" resulted from the claim of error. <u>McKay</u>, 657 F.3d at 1196.

Even assuming that Farley has shown cause for the procedural default based on the FBI agent's February 1, 2010, testimony, he cannot demonstrate prejudice because his argument in ground one is without merit. Contrary to Farley's assertion, his due process rights were not violated based on the undercover officer's allegedly unauthorized conversations with him. In <u>United States v. Caceres</u>, 440 U.S. 741, 752-53 (1979), the Supreme Court rejected a similar claim that an Internal Revenue Service ("IRS") agent's failure to follow IRS electronic surveillance regulations requiring written approval from senior Justice Department officials before recording conversations with the defendant violated his constitutional rights. Specifically, the Supreme Court ruled that "the violations of agency regulations disclosed by this record do not raise any constitutional questions," <u>id.</u> at 751-52, and the Court found that there

10

was no denial of equal protection, id. at 752, no violation of the Due Process Clause, id. at 752-53, and no violation of the Administrative Procedure Act, id. at 753-54.

As in Caceres, Farley "cannot reasonably contend that he relied on the [alleged FBI policy or directive], or that its breach had any effect on his conduct." Id. at 752-53. Moreover, "failure to follow agency regulations not mandated by the Constitution or federal statute does not, by itself, provide a basis to suppress evidence obtained in violation of those agency regulations." United States v. Funaro, 253 F. Supp. 2d 286, 300 (D. Conn. 2003) (citations omitted); United States v. Bailey, 123 F.3d 1381, 1395 n.20 (11th Cir. 1997) (citing Caceres, 440 U.S. at 754 & n.18) ("Furthermore, federal law governs the admissibility of evidence in a federal prosecution, even if the evidence is obtained . . . in violation of internal governmental regulations."). Thus, even if the undercover communications were made in violation of an internal FBI directive, the violation did not deprive Farley of due process or provide a basis for suppressing the communications. Therefore, Farley is not entitled to relief on ground one. See McKay, 657 F.3d at 1196.

## C.    **Grounds Two and Four: Constitutionality of § 2241(c)**

Farley acknowledges that he did not raise grounds two and four on direct appeal, but asserts that the procedural default should be excused due to deficient performance

11

by appellate counsel. [Doc. 158 at 2-3]. Farley claims that § 2241(c) violates the Tenth Amendment (ground two) and is unconstitutionally overbroad and void for vagueness (ground four). [Doc. 148 at 4-5]. Specifically, Farley argues that the 1996 revisions to § 2241(c) improperly infringed on states' rights by criminalizing the crossing of state lines with the intent to engage in a sexual act with a minor. [Id. at 8-9]. Farley further contends that "[t]he verbiage used of 'crossing a state line' creates a statutorial [sic] vagueness that makes it unconstitutional." [Id. at 9].

Only a meritorious ineffective assistance of counsel claim will excuse a procedural default. Nguyen, 420 F. App'x at 877. Farley acknowledges that appellate counsel elected to focus on "serious issues," [Doc. 158 at 2-3], and "winnowing out weaker arguments on appeal and focusing on those more likely to prevail . . . is the hallmark of effective appellate advocacy." Smith v. Murray, 477 U.S. 527, 536 (1986). Regarding Farley's Tenth Amendment claim, the Eleventh Circuit has ruled that "Congress does not violate the Tenth Amendment when it enacts legislation through the constitutionally permissible exercise of its Commerce Clause power." United States v. Edwards, 447 F. App'x 43, 46-47 (11th Cir. 2011) (per curiam) (unpublished), cert. denied, 132 S. Ct. 1606 (2012) (citation omitted). It cannot credibly be disputed that "Congress had constitutional authority to enact [§ 2241(c)]

12

under the Commerce Clause." United States v. Tom, 565 F.3d 497, 504 (8th Cir. 2009) (citation omitted); see United States v. Ambert, 561 F.3d 1202, 1211 (11th Cir. 2009) ("[W]hen a sex offender travels from one state to another, he is an instrumentality of interstate commerce, and by regulating these persons in SORNA, Congress has acted under its commerce clause power to regulate an instrumentality."). Accordingly, since ground two presents, at best, a weak argument, counsel was not ineffective by failing to raise it.

Regarding ground four, a criminal statute is void for vagueness if it "fails to provide a person of ordinary intelligence fair notice of what is prohibited." United States v. Williams, 553 U.S. 285, 304 (2008) (citation omitted). Farley argues that § 2241(c) is vague because it appears to criminalize the act of "crossing a state line with the intent to commit a sexual act with a child under twelve without actually committing or attempting to commit that act." [Doc. 158 at 3]. This is a correct reading of the statute, which provides that an offense occurs when a defendant "crosses a State line with intent to engage in a sexual act with a person who has not attained the age of 12 years." 18 U.S.C. § 2241(c). In Farley's direct appeal, the Eleventh Circuit held that, under § 2241(c), "the crime is crossing a state line with the requisite criminal intent," and thus, "[c]onviction 'turns simply on the illegal purpose for which [Farley]

13

traveled.'" <u>Farley</u>, 607 F.3d at 1334 (citation omitted). In light of this ruling, Farley has not shown that the Eleventh Circuit would have found § 2241(c) void for vagueness had counsel raised this argument on direct appeal, and counsel therefore was not ineffective by failing to raise it. Accordingly, since counsel's failure to raise these weak arguments on appeal did not amount to ineffective assistance, Farley has not shown cause and prejudice to excuse the procedural default, and he is not entitled to relief on grounds two and four. See <u>McKay</u>, 657 F.3d at 1196.

**D.    Ground Three: Trial Counsel's Effectiveness**

**1.    Failure to Argue a Particular Case Regarding the Exclusion of the Use of Pornographic Images for the Purpose of Establishing Intent to Travel**

Prior to trial, Farley's counsel filed motions in limine to exclude images of child pornography. [Docs. 55, 78]. The Court denied Farley's motions, [Docs. 61, 79], and during the bench trial, the government presented ten child pornography images recovered from Farley's laptop as evidence of his intent and prurient interest in prepubescent girls, [Doc. 125 at 17-25]. Farley now argues that his counsel was ineffective for failing to argue <u>United States v. Prunick</u>, 273 F. App'x 807 (11th Cir. 2008) (per curiam) (unpublished), to exclude "use of pornographic images in trial for the sole purpose of establishing intent to travel." [Doc. 148 at 11]. The government

14

responds that Farley cannot demonstrate ineffective assistance based on counsel's failure to argue an unpublished opinion that is factually distinct from Farley's case. [Doc. 154 at 24-29].  Farley replies that <u>Prunick</u> is directly on point and that he has shown prejudice because the government could not have proven intent without those images.  [Doc. 158 at 8-11].

In <u>Prunick,</u> the Eleventh Circuit affirmed the district court's decision to grant a new trial to a defendant convicted by a jury under both § 2422(b) and § 2241(c).  273 F. App'x at 808.  The Eleventh Circuit found the following facts sufficient to support the district court's finding:

> (1) the illicit pornographic images were quite graphic and disturbing, highly inflammatory in nature, and displayed on a large screen at trial; (2) the government repeatedly linked the presence of the images on Prunick's computer to his intent in traveling to Atlanta; and (3) the images were almost two years old; they had automatically been saved onto Prunick's computer; and Prunick was likely unaware of and unable to access them.

<u>Id.</u>  However, Farley's case was a bench trial, and the government displayed the images "very briefly" and did not republish them.  [Doc. 125 at 20, 39].  Additionally, the government presented evidence, including Farley's own testimony, that he had discussed child pornography with the undercover officer.  [Doc. 124 at 49-51; Doc. 125 at 138].  In fact, Farley did not deny that the images came from his computer or that he had viewed them.  [Doc. 125 at 141-42].  Farley cannot now reasonably

15

contend that he was unaware of those images. Finally, contrary to Farley's contention, the government did not have to rely on the pornographic images to prove Farley's intent in traveling to Atlanta because his own words in his conversations with the undercover officer were sufficient to support his conviction. See Farley, 607 F.3d at 1300-06, 1334-36. Thus, Farley fails to show that a citation to Prunick would have persuaded the district court to exclude the pornographic images found on his computer, and counsel's failure to argue this unpublished, factually distinct opinion does not amount to ineffective assistance. See Strickland, 466 U.S. at 690, 694.

## 2. Failure to Argue that a Third Element is Required to Prove a Violation of § 2241(c)

Farley next argues that counsel was ineffective for failing to argue that the government needed to prove a third element for a § 2241(c) conviction, namely that a defendant must either perform or attempt to perform a sexual act with a minor. [Doc. 148 at 12-13]. However, the law of this circuit does not require a third element for prosecution under § 2241(c). The statute provides that an offense occurs when a defendant "crosses a State line with intent to engage in a sexual act with a person who has not attained the age of 12 years." 18 U.S.C. § 2241(c). In Farley's direct appeal, the Eleventh Circuit stated that "the crime is crossing a state line with the requisite criminal intent," and that "[c]onviction 'turns simply on the illegal purpose for which

16

[Farley] traveled.'" <u>Farley</u>, 607 F.3d at 1334 (citation omitted). The undersigned is unaware of any Eleventh Circuit case holding that a third element is required. Accordingly, Farley fails to show deficient performance by counsel or prejudice on this ground. <u>See</u> <u>Strickland</u>, 466 U.S. at 690, 694.

### 3.    **Failure to Call Candice Osborne**

Farley also claims that counsel should have called Candice Osborne to testify regarding her pretrial psycho sexual evaluation of Farley. [Doc. 148 at 13-14]. According to Farley, Osborne concluded that he "was not a pedophile or sexual predator[,] had no interest in prepubescent children in a sexual manner," and that he "had a narcissistic personality that was focused on pleasing others and adapting to whatever would gain their acceptance." [<u>Id.</u> at 13]. Farley maintains that this testimony would have shown that he "had no intent of engaging in sex with a minor on that day of travel, [and] would have brought credibility and reinforcement to [his] personal testimony during trial that [he] was only interested in the role play with the adult female." [<u>Id.</u>]. The government responds that Osborne's testimony would not have been admissible to negate intent because she did not treat Farley during the relevant time period. [Doc. 154 at 31]. Farley replies that "Osborne's testimony would have been a great aid to [his] trial." [Doc. 158 at 18].

17

"Which witnesses, if any, to call, and when to call them, is the epitome of a strategic decision, and it is one that we will seldom, if ever, second guess." <u>Waters</u>, 46 F.3d at 1512 (citation omitted). "Evidence offered as 'psychiatric evidence to negate specific intent' is admissible . . . when such evidence focuses on the defendant's specific state of mind **at the time of the charged offense**." <u>United States v. Cameron</u>, 907 F.2d 1051, 1067 (11th Cir. 1990) (emphasis added). Farley's offenses occurred between October 3, 2006, and May 15, 2007. [Doc. 8]. Osborne examined Farley "sometime prior to November 16, 2007." [Doc. 127 at 17]. Farley does not contend that Osborne treated or examined him during the period he was communicating with the undercover officer or when he traveled to Atlanta. Osborne testified at Farley's sentencing that she "can't measure intent" and that she was "not sure what [Farley's] intent was at the beginning. Given the fact that he has been convicted of these offenses, [she] accept[ed] that he did have an intent to do that." [<u>Id.</u> at 32-33]. Because Osborne could not provide evidence to negate Farley's specific intent at the time of the offense, Farley can not show that counsel's failure to call her was unreasonable or that her testimony would have changed the outcome of the proceedings.

18

**4.** **Failure to Explore Plea Offers, Negotiate a Plea, and Advise Farley to Enter a Plea**

Farley contends that counsel failed to explore plea offers, negotiate a plea to a lesser charge, or advise Farley that a plea bargain was "in his best interest." [Doc. 148 at 14-15]. The government responds that Farley had no right to engage in plea negotiations and cannot show prejudice because he fails to allege that a specific plea offer existed or that he would have admitted his guilt and accepted a plea. [Doc. 154 at 32-34]. Farley offers no reply as to this ground. [See generally Doc. 158].

"[T]here is no constitutional right to plea bargain; the prosecutor need not do so if he prefers to go to trial." Weatherford v. Bursey, 429 U.S. 545, 561 (1977). See also United States v. Palmer, 809 F.2d 1504, 1508 (11th Cir. 1987) (citations omitted) ("The government was under no obligation to enter into any plea bargaining or to accept any deal offered by [defendant]."). The Supreme Court recently held that in order to demonstrate prejudice where a favorable plea offer has been rejected because counsel allowed it to expire without advising defendant or allowing him to consider it, a defendant must show "a reasonable probability [he] would have accepted the . . . plea offer" and that "neither the prosecution nor the trial court would have prevented the offer from being accepted or implemented." Missouri v. Frye, 132 S. Ct. 1399, 1410 (U.S. 2012). Similarly, to demonstrate ineffective assistance of counsel for

19

failing to pursue a plea bargain, a defendant "must show that the prosecutor would have offered a plea, that the court would have approved it, and that he would have accepted it." Williams v. Crosby, No. 8:02-CV-965-T-30MAP, 2007 WL 1724944, at *14 (M.D. Fla. June 13, 2007) (citations omitted). See also Adames v. United States, No. 6:10-cv-1066-Orl-28GJK, 2012 WL 939022, at *1 (M.D. Fla. Mar. 20, 2012) (citation omitted) ("The failure to pursue a plea bargain does not demonstrate ineffective assistance of counsel, particularly when there is no suggestion that the prosecutor would have offered one."). Here, Farley fails to demonstrate prejudice because he does not allege that the government would have offered a plea, the Court would have approved it, or that he would have accepted it.

**5.    Failure to Present the Affirmative Defense of Entrapment**

Farley maintains that counsel was also ineffective for failing to present an entrapment defense and misadvising him that he would have to admit guilt in order to proffer the defense. [Doc. 148 at 15-17]. The government responds that counsel reasonably chose not to present an affirmative defense that was inconsistent with Farley's own statements regarding intent and that Farley cannot demonstrate prejudice because he cannot show that he would have prevailed under an entrapment theory. [Doc. 154 at 34-38]. Farley replies that his statements regarding intent were not

inconsistent with an entrapment defense and that "whether or not the entrapment defense would have been successful is inmaterial [sic]." [Doc. 158 at 19-20].

In determining whether Farley can demonstrate prejudice, the relevant inquiry is "whether there is a reasonable probability that . . . the factfinder would have had a reasonable doubt respecting [Farley's] guilt" had counsel presented an entrapment defense. Strickland, 466 U.S. at 695. The affirmative defense of entrapment "applies when a person not predisposed to commit a crime is induced to do so by the government." United States v. Sistrunk, 622 F.3d 1328, 1332 (11th Cir. 2010), cert. denied, 131 S. Ct. 1529 (2011). There are two elements to an entrapment defense, i.e., "(1) government inducement of the crime; and (2) lack of predisposition on the part of the defendant." Id. at 1333 (citation omitted). "[T]he defendant bears the initial burden of production as to government inducement; once the defendant meets this burden, the burden shifts to the government to prove beyond a reasonable doubt that the defendant was predisposed to commit the crime." Id. (citation omitted). "[A] defendant must prove more than that the government first solicited him or merely provided the opportunity for the crime." Id. (citation and internal marks omitted). Rather, the defendant must present some evidence of "persuasion or mild coercion," which "may be shown by evidence that the defendant 'had not favorably received the

21

government plan, and the government had to 'push it' on him, or that several attempts at setting up an illicit deal had failed and on at least one occasion he had directly refused to participate.'" Id. (citation omitted).

Here, Farley cannot demonstrate prejudice based on counsel's failure to present an entrapment defense because he could not demonstrate that the undercover officer induced him to commit the charged offenses. This is so because Farley admitted that: (1) he initiated the chat with the undercover officer in the incest fetish chat room, [Doc. 125 at 64, 126]; (2) he was attracted to a woman who wanted to have sex with her own child, [id. at 110]; (3) he was the first to bring up the topic of masturbation and suggested that the undercover officer let her daughter watch her masturbate, [id. at 128]; and (4) the undercover officer never asked Farley to come to Atlanta and that it was Farley who first brought up the idea of coming to visit, [id. at 129]. In fact, Farley testified that he "pursued" and "hounded" the undercover officer. [Id. at 153-54]. Thus, Farley is not entitled to relief on this ground.

### 6. **Failure to Call an Expert Rebuttal Witness**

Farley next claims that counsel was ineffective for failing to call "an expert rebuttal witness to dispute claims made by the government computer expert." [Doc. 148 at 17]. Farley states that counsel had retained a computer expert, who was

22

available to testify at trial, to dispute the government's contentions regarding the location of the images found on Farley's computer and how they were obtained. [Id. at 17-18]. The government responds that counsel reasonably chose not to present this testimony because counsel was able to bring out the same information during cross examination of the government's witness. [Doc. 154 at 38-39]. Farley offers no reply as to this ground. [See generally Doc. 158].

A defendant cannot demonstrate prejudice based on counsel's failure to raise evidence "that is merely cumulative of evidence already presented at trial." Rose v. McNeil, 634 F.3d 1224, 1243 (11th Cir.), cert. denied, 132 S. Ct. 190 (2011) (citations omitted). During cross examination, defense counsel had the government's computer expert admit that: (1) he could not say that a user viewed the images, [Doc. 125 at 26]; (2) he could not say who was in front of the computer at the time the child pornography was downloaded, [id.]; (3) the average computer user could not recover images from the hard drive slack space, [id. at 30]; and (4) there was no child pornography saved into files, saved onto removable storage media, or printed, [id. at 36]. Thus, the expert testimony that Farley contends should have been presented was largely presented through cross-examination of the government's expert witness, and it would have been cumulative to present the same testimony through rebuttal expert

23

testimony.  Accordingly, Farley fails to demonstrate ineffective assistance of counsel as to this ground.

### 7.　　Failure to Investigate Potential Witnesses

Finally, Farley contends that counsel failed to investigate potential witnesses, namely the Atlanta Police Department officer who accompanied the FBI on the plane and the other passengers sitting near Farley on the flight to Atlanta, to support Farley's claim that his arrest was illegal because the FBI agent told Farley that he was not under arrest.  [Doc. 148 at 18].  Farley further states that he "was taken off the airplane in handcuffs and remained in handcuffs throughout [his] entire interview."  [Id.].  The government responds that defense counsel diligently attempted to suppress statements and evidence and that Farley cannot show prejudice.  [Doc. 154 at 40-42].  Farley offers no reply as to this ground.  [See generally Doc. 158].

The undersigned agrees that defense counsel were diligent in their attempts to suppress statements and evidence.  Counsel moved to suppress Farley's statements and evidence seized at the time of his arrest.  [Docs. 17-18].  Following an evidentiary hearing, [Doc. 25], the undersigned issued a Report and Recommendation that Farley's motions to suppress be denied, [Doc. 45].  Farley's counsel objected, [Doc. 46], and the Court adopted the Report and Recommendation over Farley's objections, [Doc.

24

71].  Defense counsel then filed a motion for reconsideration, [Doc. 77], which the

Court denied, [Doc. 79].  On direct appeal, the Eleventh Circuit noted,

> whether an arrest has occurred depends on the particular facts of the
> detention, and there is no requirement that a detainee be told in "formal
> words" that he is under arrest. . . . No one disputes that Farley was not
> free to leave throughout the relevant time.

Farley, 607 F.3d at 1332 n.24 (citation omitted).  As Farley was admittedly confined

"throughout [his] entire interview," even if counsel had obtained the testimony that

Farley allegedly asked them to produce, Farley cannot show that such evidence would

have led to the suppression of his statements and the evidence seized at the time of his

arrest.  Accordingly, Farley has not shown deficient performance by counsel or

prejudice as to this ground.  See Strickland, 466 U.S. at 690, 694.

### III.  CERTIFICATE OF APPEALABILITY

Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides that an

applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit

or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)."  Rule

11 of the Rules Governing Section 2255 Proceedings for the United States District

Courts provides, "The district court must issue or deny a certificate of appealability

when it enters a final order adverse to the applicant."  Section 2253(c)(2) of Title 28

states that a certificate of appealability ("COA") shall not issue unless "the applicant

25

has made a substantial showing of the denial of a constitutional right." A movant satisfies this standard by showing "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003).

Based on the foregoing discussion of Farley's grounds for relief, the resolution of the issues presented is not debatable by jurists of reason, and the undersigned recommends that he be denied a COA.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that this 28 U.S.C. § 2255 motion to vacate sentence, [Doc. 148], and a COA be **DENIED**.

Farley's request for appointment of counsel is **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to the assigned Magistrate Judge.

**SO ORDERED AND RECOMMENDED**, this 6th day of August, 2012.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)